HLD-167 (July 2010)                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2006
_____

In re:   MASTER A KWE OHENE YEBOAH
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Civ. No. 09-cv-00278)


_____


Submitted Under Rule 21, Fed. R. App. P.
July 30, 2010
Before:   MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges
Opinion filed October 6, 2010

_____

OPINION
_____

PER CURIAM.

        Pro se petitioner, Master A Kwe Ohene Yeboah, seeks a writ of mandamus

to compel the United States District Court for the Western District of Pennsylvania to rule

upon his petition for a writ of habeas corpus.   For the reasons that follow, we will deny

the petition.

**I.**

Yeboah is a federal prisoner incarcerated at the Loretto Federal Correctional Institution in Pennsylvania. On November 5, 2009, Yeboah filed a petition pursuant to 28 U.S.C. § 2241 asking the District Court to direct the Bureau of Prisons to approve him for a twelve-month placement in a Residential Re-Entry Center.[1] The government submitted a response to Yeboah's petition in January 2010. The next month, on February 26, 2010, Yeboah filed a motion to expedite proceedings on his habeas petition. By order entered April 6, 2010, the District Court denied the motion.

Approximately two weeks later, Yeboah filed the present petition for a writ of mandamus asking this Court to direct the District Court to rule on his habeas petition.

**II**.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See Kerr v. U.S. District Court, 426 U.S. 394, 402 (1976). Before a writ of mandamus will issue, the petitioner must establish that the writ is not being used as a substitute for the regular appeals process, that there is no alternative remedy or other adequate means to obtain the desired relief, and that the right to the relief sought is "clear and indisputable." Id. at 403; see also In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378-79 (3d Cir. 2005).

As a general rule, "matters of docket control" are within the sound

---

[1] It appears that Yeboah may have since been released from FCI-Loretto. (Report and Recommendation, 7/12/2010, p. 1.)

discretion of the District Court.   In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d

Cir. 1982). Although mandamus may be warranted in cases where a district court's delay

is "tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d

Cir. 1996), this case does not present such a situation.   As set forth above, the District

Court proceedings have moved forward in a steady and timely manner.   We are confident

that the District Court will enter an order on Yeboah's habeas petition without undue

delay.

      Accordingly, Yeboah's mandamus petition is denied.